# THE KANSAS CITY, FORT SCOTT & GULF RAILROAD COMPANY v. THOMAS B. KIER.

PUNITIVE DAMAGES — *Negligence Must be Wanton — Question for Jury.*
In an action to recover damages for personal injuries, the negligence
established must be wanton, willful, or malicious, to justify punitive
or exemplary damages. Where there is no testimony showing that
the negligence is so gross as to amount to wantonness, and no willful
or malicious acts are proven, actual or compensatory damages merely,
is the rule. Therefore, to leave the question of punitive or exemplary
damages to the jury, when there is no testimony which would warrant
a verdict for such damages, is improper.

## *Motion for Rehearing.*

THE facts are stated in *K. C. Ft. S. & G. Rld. Co. v. Kier*,
supra, and in the opinion herein, filed on June 7, 1889.

*I. P. Dana,* and *Chas. W. Blair,* for the motion; *Wallace
Pratt,* and *Frank Hagerman,* of counsel.

*J. D. McCue,* contra.

*Per Curiam:* In a very forcible and able argument counsel
for the railroad company contend that another trial should be
awarded, and to that end there should be a rehearing, instead
of an affirmance, as directed in the opinion heretofore filed.
One or two questions are submitted which were not presented
upon the original hearing, and these, therefore, will not be
considered. (*The State v. Coulter,* 40 Kas. 673; 20 Pac. Rep.
525.) All the other questions are sufficiently disposed of in
the original opinion, excepting the one concerning the in-
structions as to gross negligence and exemplary damages. We
stated in our former opinion that the testimony as to gross
negligence, if any, was very slight, but that in view of the
damages awarded, we were inclined to think that the instruc-
tions concerning punitive or exemplary damages were not
sufficiently material to reverse the judgment. A reëxamina-
tion of all the testimony convinces us that the negligence
established was not wanton, willful, or malicious; one or the

other of which elements must appear to justify punitive or exemplary damages. (*Railway Co. v. Rice*, 10 Kas. 426; *Railway Co. v. Rice*, 38 id. 402; *Railway Co. v. Whipple*, 39 id. 531.) Where there is no testimony showing that the negligence is so gross as to amount to wantonness, and no willful or malicious acts are proven, actual or compensatory damages merely, is the rule; therefore, to leave the question of punitive or exemplary damages to the jury, when there is no testimony which would warrant a verdict for such damages, is improper. (*Railway Co. v. Peavey*, 29 Kas. 169; *Kennedy v. Railroad Co.*, 36 Mo. 351; *Traction Co. v. Orbann*, 12 Atl. Rep. 816.)

It is probable, as heretofore stated, that, considering the age of Kier and his injuries, the damages awarded him were compensatory only; but as the jury were instructed that if they found gross negligence "to have entered into and formed or caused the injuries of which Kier complains," they might allow punitive or exemplary damages, we cannot, with absolute certainty, say the verdict of $7,000 was not enhanced thereby. This much, however, is clearly established by the verdict, separate and apart from the erroneous instructions: *First*, that culpable negligence is to be imputed to the railroad company as charged in the petition; *second*, that Kier was not guilty of any negligence directly or proximately contributing to his injuries; and *third*, that upon the testimony, he was entitled to recover his actual or compensatory damages.

We have concluded, considering the testimony and verdict, that as we cannot clearly decide that the erroneous instructions might not have increased or exaggerated the verdict, the judgment must be reversed unless Kier, within thirty days, remits $2,000 thereof. If this is done, the judgment of the district court will be affirmed for $5,000.

We may fairly assume, upon the testimony and verdict, that the jury intended to embrace in the verdict the actual damages which Kier was entitled to recover. The erroneous instructions only related to the measure of damages; therefore, these instructions only affected the damages allowed. It is apparent from all the testimony that $5,000 will not

exceed the actual damages suffered.    If the verdict had been for $5,000, it would be clear beyond doubt that the error alleged did not and could not have prejudiced the rights of the railroad company. (*Thomas v. Dansby*, 41 N. W. Rep. 1088.) While the damages found are not excessive, yet they are a full, round sum for the injuries complained of, and hence, on account of the error committed, the necessity of a modification of the judgment.    If Kier had lost in the service of his country the portion of his limb which has been amputated, he would be entitled to a pension, under the law, of at least $30 per month; that would amount to $360 a year.    The yearly interest of $5,000 at seven per cent. will be $350.    If, however, the plaintiff below is unwilling to accept a judgment of $5,000, a new trial will be awarded on account of the erroneous instructions referred to.

Several cases are cited from this court to show that the erroneous instructions were harmless.    In *Railway Co. v. Little*, 19 Kas. 269, the instruction permitting the recovery of exemplary damages was not excepted to, and the damages allowed were only $1,050; therefore no reversal.

In *Railroad Co. v. Moore*, 31 Kas. 197, and in *Railway Co. v. Mackey*, 33 id. 298, no errors were committed by the trial courts, and therefore, although the judgments were large, this court did not feel justified in interfering.

The judgment of the district court will be reversed, unless the remission of $2,000 is allowed as stated.