THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. JANE McGINNIS.

1. **BODILY INJURIES**—*Exemplary Damages.* In an action to recover damages for personal injuries, the negligence established must be wanton, willful, or malicious, to justify punitive or exemplary damages.

2. ———— *Actual Damages; Rule.* Where there is no testimony showing that the negligence is so gross as to amount to wantonness, and no willful or malicious acts are proven, actual, or compensatory damages merely, is the rule.

3. ———— *Jury; Error.* It is error to leave the question of punitive or exemplary damages to the jury, when there is no testimony to warrant a verdict for such damages.

4. ———— *Injuries to Wife—Action by Husband.* In an action by a married woman living with her husband, to recover damages for personal injuries, she cannot recover for "lost time," for "medical attendance," nor for "impaired capacity to labor." Her services belong to her husband, and he must furnish her with medical attention; hence he alone suffers pecuniary damages because of "loss of time," "medical attention," and "impaired capacity to labor" of the wife, and the action for such damages must be in his name.

*Error from Barton District Court.*

ACTION to recover damages for bodily injuries. Judgment for plaintiff, *McGinnis*, at the October term, 1888. The defendant *Company* brings the case here. The opinion states the facts.

*Geo. R. Peck, A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.

*S. J. Day,* and *Diffenbacher & Banta,* for defendant in error.

Opinion by STRANG, C.: October 12, 1886, Jane McGinnis, desiring to go from Great Bend, in Barton county, to the town of Chase, in Rice county, purchased a ticket at the former for the latter place. She rode on the early passenger train from Great Bend to Ellinwood, where she had to change from the

main line of plaintiff's railroad to the M. & M. branch of the same. At Ellinwood she got on the way-car of a freight train which carried passengers. The train, which consisted of 14 freight cars and the way-car, left Ellinwood early in the morning, just as day was breaking. It ran out from the station to the switch which connects the main line with the branch, some half or three-quarters of a mile from the station, where, by reason of the switch having been left open, the engine, tender and two cars ran off the track. Mrs. McGinnis was sitting on the seat against the side of the car. The sudden stopping of the train threw her from the seat, across the car, and down upon the floor. When she got up it was found that her ear was somewhat bruised and scratched, but no other injuries were visible. She walked over to the town, and remained until evening, and then took the passenger train for Chase, where she got into a wagon and rode into the country a short distance, and remained all night, going back on the train in the morning to Great Bend. Just after the accident, and before Mrs. McGinnis left the car, she was asked if she was hurt, and she said not seriously. Some weeks after the accident she called a physician, and claimed to be injured in the spine, shoulder, breast, eye, and arm. The physician examined her, and found no visible evidence of injury at any of these points. She, however, claimed to be injured, and the doctor said there was some evidence from the pulse and the appearance of her tongue of some disturbance of the system, but he could not tell what it was, nor what produced it, only as he got the cause from Mrs. McGinnis. August 13, 1887, she brought her suit against the company for damages. It was tried by the court and a jury, resulting in both a general and a special verdict for the plaintiff below. A motion was made by the defendant below to set aside the general verdict, which was for $2,000, because it did not correspond with the special verdict, which motion was sustained. A motion was then made by the defendant below for a new trial, and one by the plaintiff below for a judgment on the special verdict. The motion for a new trial was overruled; and after the plaintiff

had remitted $235, and the court had stricken out $765, the motion for judgment was sustained, and judgment entered for $1,000. The company brings the case here for review.

In view of the *remittitur* made by the plaintiff below, the first alleged error we will notice, is the action of the court in giving the instruction complained of. The seventh instruction complained of reads as follows:

"The jury are instructed that the petition alleges that the defendant, not regarding its duty, conducted itself so carelessly, negligently and unskillfully that the train upon which plaintiff was riding ran off the track, whereby and by reason of which the plaintiff was injured. It is the law that in actions of this kind, if the evidence proves that the complaining party received personal injury, and thereby suffered actual damages, and if the evidence further proves that such injuries and damages were sustained by reason of the gross negligence or gross carelessness of the defendant in operating its train, then the jury are not limited in their finding to the mere compensation for the actual damages sustained, but they may give in addition a further sum as exemplary or punitive damages as a salutary example, and as a sort of punishment to deter the party committing the injury, as well as others from again offending in like manner."

We think this instruction clearly wrong. There is no allegation in the petition that the defendant below was guilty of gross negligence in connection with the accident; and there is no evidence in the case to justify such an instruction. The accident occurred by reason of the switch having being left open. It was not left open by any one connected with the train on which the plaintiff below was injured, and there is no evidence in the case to show who left it open. So far as the evidence in the case is concerned, it may have been turned and left open by a stranger, for whose act the company could not be held responsible. There is nothing in the evidence tending to show wantonness, malice, or reckless disregard of the life of the passenger by any of the agents of the company. On the other hand, the evidence shows that the agents of the company expressed their sorrow that Mrs. McGinnis was hurt, and were sympathetic and gentlemanly in their de-

meanor.    In the case of *K. C. Ft. S. & G. Rld. Co. v. Kier,* 41 Kas. 671, this court laid down the rule, as follows:

"In an action to recover damages for personal injuries, the negligence established must be wanton, willful, or malicious, to justify punitive or exemplary damages.    Where there is no testimony showing that the negligence is so gross as to amount to wantonness, and no willful or malicious acts are proven, actual or compensatory damages merely, is the rule. Therefore, to leave the question of punitive or exemplary damages to the jury, when there is no testimony which would warrant a verdict for such damages, is improper."

In this case the jury found that the company was guilty of gross negligence, and said that such gross negligence consisted in leaving the switch open; and yet, as stated above, the evidence does not disclose who left the switch open — whether an agent or servant of the company, or a stranger. This case fairly illustrates the impropriety and danger of leaving the question of punitive or exemplary damages to the jury without evidence to warrant a finding of such damages. (*M. & St. P. Rld. Co. v. Arms,* 91 U. S. 489; *Dorrah v. Ill. Cent. Rld. Co.,* 30 Am. & Eng. Rld. Cases, 576; *Batterson v. Chicago & Grand Trunk Rld. Co.,* 8 id. 123; *K. C. Ft. S. & G. Rld. Co. v. McHenry,* 24 Kas. 501–504.)

The jury found that the plaintiff below was damaged $500 by reason of impaired capacity to labor.    This, and the item of $200 found in favor of the plaintiff for loss of time, which was afterward remitted, are matters for which the plaintiff below cannot recover.    She is and was a married woman, living with and keeping house for her husband.    She was not engaged in any other business.    Her services as the wife of her husband were due to him.    She received no compensation therefor, and could not suffer any damages by reason of loss of time or impaired ability to serve him.    He alone could recover for such damages. (*City of Wyandotte v. Agan,* 37 Kas. 528.)

The jury found that the plaintiff below was damaged $65 by reason of peril and fright.    Damages of this kind are too remote.    A person who is placed in peril by the negligence

of another, but who escapes without injury, may not recover damages simply because he had been placed in a perilous position. Nor is mere fright the subject of damages. Fright must be accompanied by some actual injury caused thereby, and traceable directly thereto, to be the subject of damages. Mere fright, unaccompanied by any injury resulting therefrom, cannot be the subject of damages. (*Victorian Rly. Comm'rs v. Coultas*, L. R. 13 App. Cases, 222.)

The jury found that the plaintiff below had suffered $500 actual damages. It also found the items constituting these actual damages. It found $200 for loss of time, $35 for cost of medical attendance, $65 for peril and fright, $100 for physical pain and suffering, and $100 for mental anguish. All these itemized parts of the $500 are parts of the actual damages, and included within the whole sum of actual damages as found, to wit, the sum of $500. But the sum of $235 was remitted by the plaintiff herself, as not recoverable in this action. The sum of $65 found for peril and fright must be eliminated, because damages may not be recovered for peril and fright. This reduces the actual damages to $200, constituted as follows: $100 for physical pain and suffering, and $100 for mental anguish. The plaintiff in error says that this last item should not be allowed, because there is no distinct claim for it in the petition. We think there is sufficient in the petition to permit this finding to stand, and, the jury having passed upon the evidence in relation thereto, we decline to strike it out. This leaves $200 of the judgment in favor of the plaintiff to stand. We recommend, therefore, that the judgment be so modified as to reduce it to $200, or a new trial be granted.

By the Court: It is so ordered.

All the Justices concurring.