## The George R. Barse Live Stock and Commission Company *et al.* v. W. W. Guthrie.

Conversion — *Judgment — Remittitur.*   In an action for the wrongful conversion of two lots of live stock, one of hogs and another of cattle, where a general finding is made in favor of the plaintiff for both lots, and upon a review of the judgment based thereon it appears that the evidence was insufficient to sustain a recovery for the cattle, but was sufficient to show the right of the plaintiff to recover for the hogs, and where it also appears that there is practically no dispute as to the identity or value of the hogs, the plaintiff may be permitted to take judgment for the value of the hogs and remit so much of the judgment as is in excess of that amount.   In such a case, if the remission is made, the judgment of the district court will be affirmed; otherwise, it will be reversed.

### *Motion for Rehearing.*

All the material facts appear in *Live Stock Co. v. Guthrie,* supra, and in the opinion herein, filed January 7, 1893.

*W. W. & W. F. Guthrie,* for the motion.

*Maloy & Kelley,* and *Hutchings, Keplinger & Miller,* contra.

The opinion of the court was delivered by

Johnston, J.: There was a recovery in this action for the wrongful conversion of live stock.   The property alleged to have been converted consisted of hogs and cattle, and the trial court made a general finding in favor of the plaintiff below for all the hogs and cattle claimed by him, and judgment was accordingly entered.   In the original opinion, it was decided that there was abundant evidence to sustain the finding as to the hogs, but not sufficient to support the finding as to the cattle.   We are now asked to reëxamine the record, and determine therefrom the number of animals for which the plaintiff below was entitled to recover, and to direct judgment accordingly.

It was said in the first opinion that, if there had been a special finding stating the number and value of the hogs con-

verted, the judgment to that extent might have been affirmed; but in the absence of such a finding the reversal must be a general one. This court cannot, of course, retry the facts, nor can it determine the merits of the controversy, except to inquire whether the evidence sustains the findings and judgment of the trial court. Where special findings are made which are found to be supported by the evidence, judgment may be given upon them, although contrary to the general and some of the special findings. If there was error in the admission of testimony or in the charge of the court which enters into all of the findings, a complete reversal is required. Ordinarily, in cases where there is a general finding and judgment, and material error is found, there must be a reversal and a new trial. A reëxamination of the record, however, shows that the live stock for which a recovery was sought in this action consisted of two distinct lots, one of hogs and another of cattle. The hogs are easily distinguishable from the cattle in respect to identity and value. As has been stated, the findings fully sustain the decision of the trial court as to the conversion of the hogs, and there is no difficulty in determining what should be the amount of recovery for them. While it is claimed there were 84 hogs wrongfully taken, it appears that the commission company took and shipped only 75 head of them. These were sold in the open market at Kansas City, and it is admitted by the commission company that the price received for them was $1,038.32. The charges and expenses of shipment are also conceded to be $31.50, which would leave a net value of $1,006.82. Possibly the commission company should be held liable for three other hogs which were not taken to Kansas City, but the right of recovery for these and the value of the same have not been so clearly shown as to warrant this court in directing a judgment for their value. The same may be said with reference to all the cattle for which a recovery is sought. As has already been shown, it cannot be determined from the testimony in the record what cattle, if any, were covered by the Guthrie mortgage; and hence the judgment awarded by the district court

for a recovery for the cattle was, to that extent, excessive. As there was sufficient testimony to sustain the finding of the court as to the conversion of the hogs, and as there is practically no dispute in regard to the identity and value of the same, the finding and judgment of the court may be sustained to that extent, and treated as if the number and value of those converted had been specially found. Upon a reëxamination of the record, we have determined to treat the finding as to the hogs the same as though it had been special. The errors sustained do not enter into the finding as to the hogs, and therefore permission will be given defendant in error to accept judgment for the net value of the hogs, $1,006.82, with interest thereon from the date of demand. (*K. C. Ft. S. & G. Rld. Co. v. Kier*, 41 Kas. 671; *The State v. Durein*, 46 id. 695, 700; *Ft. S. W. & W. Rly. Co. v. Tubbs*, 47 id. 630, 637.)

If Guthrie shall, within 30 days, remit all that portion of the judgment awarded which is in excess of the amount of recovery for the hogs, the judgment of the district court, to that extent, will be affirmed; and unless this remission is made the judgment of the district court will be reversed.

All the Justices concurring.