No. 20,046.

ROBERT H. JACKSON, doing business as The Superior Hatters & Cleaners, *Appellee,* v. THE UNCLE SAM OIL COMPANY OF KANSAS, *Appellant.*

### SYLLABUS BY THE COURT.

1. PLEADINGS—*Petition—Motion.* A motion to require a plaintiff to make his petition more definite and certain by setting out facts which are evidentiary in their nature is properly denied, where the ultimate facts to be proved are alleged.

2. SAME—*Petition—Demurrer.* The petition and demurrer thereto have been examined, and it is held that the demurrer was properly overruled.

3. TRIAL—*Court Excluded Incompetent Evidence.* A trial court does not commit error in excluding incompetent and irrelevent evidence, although no objection is made by the party against whom the evidence it attempted to be introduced.

4. TRIAL—*Error in Admission and Rejection of Evidence.* Certain contentions of error in the admission and exclusion of evidence have been examined and found not sufficiently prejudicial to warrant a reversal of the judgment, under section 581 of the code of civil procedure.

5. TRIAL—*Demurrer to Plaintiff's Evidence.* Where a petition states a cause of action and the evidence tends to prove that cause of action, it is not error for the court to refuse to withdraw all evidence of damage from the jury or to refuse to sustain a demurrer to the plaintiff's evidence.

6. TRIAL—*Exemplary Damages—Instructions.* Instructions concerning exemplary damages, although correct, but erroneously given, will not cause a reversal of a judgment where the verdict of the jury shows that no exemplary damages were allowed.

7. TRIAL—*Damages—Motion to Set Aside Verdict Denied.* In an action for damages, it is not error to refuse to set aside a verdict, where the several items of damage allowed by the jury are proved and the findings of the jury are consistent with each other and with the general verdict.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed April 8, 1916. Affirmed.

*Albert L. Wilson,* and *Mark T. Wilson,* both of Kansas City, Mo., for the appellant.

*William Keith,* and *Monroe Wright,* both of Wichita, for the appellee.

Jackson v. Oil Co.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for damages sustained by reason of the purchase of gasoline mixed with coal oil from the defendant. The defendant appeals.

The plaintiff conducted a clothes-cleaning establishment. He purchased gasoline from the defendant to use in his business. This gasoline was mixed with coal oil. He used it in cleaning clothes, whereby they were damaged and he was compelled to reclean them. On account of the coal oil being in the gasoline used by the plaintiff, he lost a number of his customers. The jury returned a verdict in favor of the plaintiff for $575 but deducted $95.29 due the defendant for gasoline sold the plaintiff, leaving a balance of $479.71 for the plaintiff; and answered special questions as follows:

"1. Did the plaintiff on or about December 12, 1913, discover the odor and oily appearance of coal oil in the gasoline he had received from defendant? Answer: Yes, about that time.

"2. If you answer Question 1 in the affirmative, did he make any examination of the gasoline to determine the quality thereof before continuing its use in his business? Answer: No.

"3. Was all of the cleaning which was unsatisfactory to plaintiff's customers done by plaintiff after he had discovered the odor and oily appearance of coal oil in the gasoline used by him? Answer: No.

"4. If you find for plaintiff, how much do you allow him?
    (a) For his labor in recleaning?
    (b) For expense of recleaning?
    (c) For gasoline affected?
    (d) For cleaning storage tank system and machinery?
    (e) For soap?

Answer:
    (a) 75.
    (b) 25.
    (c) 60.
    (d) 20.
    (e) 10.
    ———
    190.

"5. If you find for plaintiff, how much do you allow him for loss of trade? Answer: 385."

1. The defendant filed a motion asking the court to require the plaintiff to make his petition more definite and certain. This motion was sustained in part and denied in part. The

defendant's contention is that the entire motion should have been sustained. The plaintiff then filed an amended petition. No good purpose will be served by setting out either the petition or the amended petition. It is sufficient for the purposes of the present consideration to say that the amended petition stated facts which, when proved, established a cause of action against the defendant. It stated these facts with sufficient particularity to inform the defendant of each element of the plaintiff's cause of action. It was not necessary to state evidentiary facts. The defendant's motion, so far as it was denied, asked that the plaintiff be required to set out evidentiary facts. It was not error to deny the motion in these particulars.

2. The defendant demurred to the amended petition on the ground that there were two causes of action improperly joined, that the petition did not state facts sufficient to constitute a cause of action, that the plaintiff did not use any care or caution to avoid the damage sustained by him, and that the petition did not state facts sufficient to entitle the plaintiff to recover certain specific items of damage set out therein. If the allegations of the plaintiff's petition were true—and the demurrer admits they were true—a recovery should be had against the defendant on the petition as a whole and on each of the items against which the demurrer was directed. The demurrer was properly overruled.

3. The defendant contends that the court erred in assisting the plaintiff's counsel in the conduct of the trial by sustaining objections to questions before objections were made, and by suggesting to counsel for the plaintiff that an objection to certain evidence would be sustained if made. We have examined these rulings of the court and the questions asked by the counsel for the defendant, and are unable to see that the court abused its discretion in anything that it did in these matters. It was the court's duty to control the introduction of evidence and to confine counsel to the introduction of evidence that was material and relevant to the issues on trial, although counsel for both sides may have consented to the introduction of the evidence excluded.

4. Other contentions are that the court erred in admitting illegal, irrelevant, incompetent and immaterial evidence; and in excluding legal, competent, relevant and material evidence.

The abstracts submitted to this court do not disclose any substantial or prejudicial error in the admission or exclusion of evidence. Section 581 of the code of civil procedure requires this court to disregard all mere technical errors and irregularities which do not appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court.

5. Other complaints are that the court erred in not withdrawing and excluding from the consideration of the jury all evidence of damage sustained by the plaintiff; and that the court erred in overruling the defendant's demurrer to the evidence. The evidence tended to prove that damage was sustained by the plaintiff as alleged in his petition, and to prove all the allegations of the petition necessary to establish a cause of action against the defendant.

6. The defendant's next contention is that the court erred in giving the fifth, sixth, seventh, eighth, ninth, tenth, thirteenth, fourteenth, and fifteenth instructions. The fifth, sixth, seventh, eighth, ninth and tenth instructions were applicable to the facts shown by the evidence and correctly stated the law. The thirteenth, fourteenth and fifteenth instructions concern punitive damages. They state the law correctly. Admitting that they should not have been given for the reason that there was no evidence on which to base them or to justify the jury in including in the verdict any amount for punitive or exemplary damages, it does not necessarily follow that the judgment must be reversed and a new trial granted.

This court in *K. C. Ft. S. & G. Rld. Co. v. Kier,* 41 Kan. 671, 21 Pac. 770, said:

"Where there is no testimony showing that the negligence is so gross as to amount to wantonness, and no willful or malicious acts are proven, actual or compensatory damages merely, is the rule. Therefore, to leave the question of punitive or exemplary damages to the jury, when there is no testimony which would warrant a verdict for such damages, is improper." (Syl.)

In that case the verdict was for $7000. The court directed a remission of $2000 and allowed judgment for $5000. In *K. P. Rly. Co. v. Cutter,* 19 Kan. 83, an action for wrongful death, damages beyond pecuniary loss sustained were assessed

by the jury amounting to $2200. The pecuniary loss was found to be $1320. This court said that the case did not warrant exemplary or punitive damages. The judgment was modified by striking out the $2200 awarded for exemplary damages, and affirmed as to the rest. In *C. K. & W. Rld. Co. v. O'Connell,* 46 Kan. 581, 26 Pac. 947, the judgment was reversed because of an instruction permitting the jury to find punitive damages, there being no evidence to sustain such damages. There was nothing to indicate any way to separate actual damages allowed from the punitive damages that might have been allowed. This is also true of *A. T. & S. F. Rld. Co. v. Winston,* 56 Kan. 456, 460, 43 Pac. 777.

In the present case the jury did not allow anything for exemplary damages. It comes within the principles of *K. P. Rly. Co. v. Cutter,* supra, and *K. C. Ft. S. & G. Rld. Co. v. Kier,* supra. Under these cases and section 581 of the code of civil procedure, the error, if any, committed in giving instructions concerning exemplary damages must be disregarded.

7. The defendant's last contention is that the court erred in refusing to set aside the general verdict and in denying the defendant's motion for judgment on the answers of the jury. This matter is practically determined by what has been said. The several items of damage allowed by the jury were proved by ample evidence. The findings of the jury are consistent with each other and with the general verdict.

The judgment is affirmed.