No. 23,031.

THE STATE OF KANSAS, *Appellee,* v. M. A. WILSON, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Application for Continuance Properly Denied.* The application for a continuance is held not to have been erroneously denied.

2. SAME—*Evidence of Attempt by Defendant to Conceal, Destroy or Fabricate Evidence Competent Against Him.* Attempts by a defendant, charged with the commission of an offense to conceal or destroy evidence against him, or to fabricate or procure false evidence in his behalf, are incriminating circumstances evidence of which may be offered against him.

3. SAME—*Defendant as a Witness—Cross-examination.* A defendant who takes the stand as a witness cannot complain that he was subject to the inquiries and tests to which other witnesses are subject.

4. SAME—*Instructions—Not Prejudicially Erroneous.* Instructions examined and held not to be prejudicially erroneous.

5. SAME—*Arguments of Counsel—Reasonable Latitude Allowed.* In summing up a case before a jury counsel may not introduce or comment on facts outside the evidence, but reasonable inferences may be drawn from the evidence and considerable latitude allowed in the discussion of it in which he may use illustrations and appeal to the jury with all the power and persuasiveness which his learning, skill and experience enable him to use.

6. SAME—The argument of counsel challenged is held not to afford ground for a reversal.

7. SAME—*Evidence Supported Verdict.* The evidence examined and held to be ample to support the verdict of the jury.

Appeal from Phillips district court; CELSUS A. P. FALCONER, judge. Opinion filed February 12, 1921. Affirmed.

*W. S. Langmade, J. P. Noble, P. T. Noble,* all of Oberlin, *W. A. Barron,* of Phillipsburg, *Dempster Scott, Charley Scott,* both of Atwood, and *J. G. Thompson,* of Alma, Neb., for the appellant.

*Richard J. Hopkins,* attorney-general, *J. H. Briney, J. W. Barron,* county attorneys, and *W. S. Hyatt,* of Parsons, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: M. A. Wilson appeals from a conviction of two attempts to commit rape upon June Morley, a girl of the age of about twelve years.

He assigns a number of procedural errors, the first of which is the denial of an application for a continuance. It was asked in order that he might obtain the testimony of a witness to the effect that she had heard another witness with whom the defendant had a disagreement make a threat that she would make the defendant trouble. When the case was first set for trial, a month before, a like application was made, but it did not appear that in the meantime a diligent effort had been made to procure the testimony, and the court properly held that sufficient diligence to obtain the testimony had not been shown. There was not only a lack of diligence in the matter but it appears that other testimony was offered in the case similar to that proposed, and the refusal of the continuance cannot be regarded as material error even if diligence to obtain the testimony had been exercised.

It is contended that there was error in the admission of testimony to the effect that the defendant, through the agency of another, gave W. A. Morley, the father of June, $1,000 in order to obtain a written denial of the accusation and also that Morley would take his family and leave the state. The meeting to arrange for the payment was held in a secluded grove late at night. The defendant called the payment a loan, but Morley had not asked for a loan and he testified that there was nothing said about the repayment of the money. Following the payment of the money and the delivery of a letter signed by the little girl, Morley who had given a bond to appear as a witness, left the state taking the other members of his family, including June, with him, and he was in the state of California at the time set for the trial. It is said that the money was paid to obtain a letter from June to the effect that there had never been improper relations between her and the defendant, and he stated that he only asked that she tell the truth about the mat-

ter.  Defendant prepared a form of a letter which June copied at the instance of her father, except that the father did not permit her to copy a certain statement in it that defendant had not wronged her, and among other things it was stated that she was going away and would not return to swear against defendant.  It appears that an offer of $250 was first made to Morley for this letter, which was not accepted.  Then the offer was increased to $500 and then to $800, and finally to $1,000, which amount was accepted.  When payment was made the letter was delivered and the Morley family left the state.  The evidence objected to tended to show an effort on the part of the defendant to suppress evidence that might be produced against him, and was admissible.  It is well established that attempts by the accused to conceal or destroy evidence, or to fabricate or procure false evidence, are incriminating circumstances that may be presented to the jury.  (16 C. J. 555.) This rule applies to the objection made to the testimony of one Opal Smith in regard to an offer of $100 made to her by the defendant, if she would testify that she had heard June say that defendant had not wronged her, and further, that she had been forced to make the accusation against the defendant.  The witness had never conversed with June Morley and had not even seen her.  No error was committed in the admission of her testimony.

There is a further complaint of the extent of the cross-examination of the defendant and especially that relating to other misconduct of his in the past prejudicial to him.  When defendant took the stand as a witness he took his character and past conduct to the stand with him and cannot complain that he was subjected to the inquiries and tests to which other witnesses are subject.  In a recent case it was held that when a defendant puts himself in the position of a witness he "may be cross-examined to a reasonable extent within the discretion of the court as to his past life and conduct and as to any specific facts tending to disgrace or degrade him, not to prove the offense charged, but with a view of affecting his veracity and credibility."  (*The State v. Bowers,* 108 Kan. 161, Syl. ¶ 4, 194 Pac. 650, and cases therein cited.)

Objections were made to a number of the instructions given by the court.  One of the complaints is that the court in defining reasonable doubt said: "It is not a doubt based upon con-

jecture or speculation, and a reasonable doubt should arise only from a thorough, fair and impartial consideration of all the evidence introduced on the trial of the case." It is said that a doubt might arise from lack of evidence as well as from the evidence offered and therefore the statement was an undue restriction of the definition. The guilt or innocence of the defendant was to be determined by the jury from the evidence presented. They had been advised that the defendant was protected by a presumption of innocence which could only be overcome by evidence establishing his guilt beyond a reasonable doubt. It would have been improper to have suggested that the jury might go outside of the evidence and grope for a doubt that was without reason or basis. It may also be noted that the instruction asked by defendant on reasonable doubt did not cover this phase of the matter and is no more comprehensive than the one given.

The complaint, that the court in defining the offense did not fully instruct the jury on the element of penetration, is without foundation. It is contended that error was committed in an instruction as to the completion of the offense and also in failing to sufficiently charge the jury as to an attempt to commit it. The information charged the defendant with rape and there was some testimony tending to show a completed offense sufficient to warrant the giving of the instruction. As the trial court advised the jury, a charge of rape includes the element of attempt and under it the accused may be convicted of an attempt to commit a rape. (*The State v. Frazier,* 53 Kan. 87, 36 Pac. 58; *The State v. Guthridge,* 88 Kan. 846, 129 Pac. 1143; *The State v. Langston,* 106 Kan. 672, 189 Pac. 153.) The court did not overlook the subject or element of attempt to commit the offense as the instructions given fairly covered that phase of the case. If the defendant desired an elaboration of the instruction or that a particular feature of it should be emphasized he should have requested such an instruction, but it was not asked.

For reasons already stated there was no error in instructing the jury as to the effect of an attempt by a defendant to destroy, conceal or suppress evidence against him or to manufacture or procure false testimony to be given in his behalf. We are satisfied that the evidence justified the giving of the instruction.

Other criticisms of the instructions were made, but we find

nothing substantial in them.   Error cannot be predicated on isolated excerpts from instructions where the charge as a whole does not misstate the law.   We find no material error in the charge.

Complaint is made that the argument of counsel for the state was inflammatory, abusive and prejudicial to the defendant.   In summing up the case there was some freedom of speech by counsel for the state, and considerable freedom in the making of objections to the argument by the defendant.   Some of these objections were sustained and perhaps a few others should have been.   In some cases the jury was admonished to give no consideration to matters not in the evidence and many of the objections were groundless.   Of course, counsel should not introduce or comment on facts outside of the evidence, but reasonable inferences may be drawn from the evidence, and figurative speech which has a foundation in the testimony is permissible.   The argument of counsel for the state included illustration, comment on the effect of the crime charged, some denunciation and some pathos and appeal, but we cannot say that there was no basis in the evidence for these features nor that there was prejudicial error in the limits placed on the argument by the court.   Considerable latitude should be allowed in an argument to a jury and unreasonable limitations should not be imposed on counsel.   (16 C. J. 893.)   It is common and competent for an attorney in presenting a case to a jury to indulge to a reasonable extent in illustration and imagery in denunciation of wrong and crime, in wit and sarcasm in an analysis of the testimony and thus aid in pointing the way to a just and correct result.   Many times there are exaggerations in the heat of the discussion, but these are usually taken by the jury at their worth and are rarely deemed sufficient to require the overthrow of a verdict.   In the summing up of counsel we think he did not transgress the rule of argument so far as to justify an inference of prejudice to the rights of the defendant or to warrant the granting of a new trial by the district court or the disturbance of the judgment in this court.

An attack is made on the sufficiency of the evidence but an examination of it, the details of which we are not justified in relating, satisfies us that it is amply sufficient to sustain the verdict.   No good grounds for a new trial were shown and finding no substantial error in the judgment, it is affirmed.