Nos. 42,223 and 44,343

STATE OF KANSAS, *Appellee*, v. WILLIE WILLIAMS, *Appellant*.

(413 P. 2d 1006)

Opinion filed May 7, 1966.

*John T. Flannagan,* of Olathe, argued the cause and was on the brief for the appellant.

*Gerald E. Williams,* Assistant County Attorney, argued the cause, and

*Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the defendant in a criminal action which resulted in a conviction and sentence to the state penitentiary.

Various alleged trial errors are assigned for review.

On the 29th day of March, 1960, an information was filed in the district court of Johnson County, Kansas, charging Willie Williams (defendant-appellant) and another with three counts of burglary in the second degree and grand larceny pursuant to G. S. 1959 Supp. (now K. S. A.) 21-520 and G. S. 1949 (now K. S. A.) 21-524, respectively, on each count. Under Count I of the information the defendants were charged with second degree burglary and grand larceny at Kobler's Drug Store in DeSoto, Kansas, on or about the 4th day of March, 1960. The second count charged the defendants with second degree burglary and grand larceny at the Lewis Drug Store in Gardner, Kansas, on or about the 9th day of March, 1960. The third count charged the defendants with second degree burglary and grand larceny at the Forbes Grocery Store at Gardner, Kansas, on or about the 9th day of March, 1960.

On the 29th day of March, 1960, counsel were appointed by the court for each of the defendants, Mr. Lawrence T. Loftus, a member of the Johnson County Bar, being appointed as counsel for the defendant, Willie Williams.

On the 4th day of April, 1960, the defendant Williams appeared with his attorney and came before the court for arraignment. He entered a plea of not guilty to each of the three counts, and requested a separate trial which the court granted.

On the 14th day of April, 1960, the defendant Williams was tried before a jury and found guilty on the second and third counts. He was acquitted of the charges under Count I. Thereupon the court granted him five days in which to file a motion for a new trial. Thereafter, on the 2nd day of May, 1960, the motion for a new trial was heard and overruled by the trial court. Pursuant to G. S. 1949 (now K. S. A.) 21-523 and 21-524, covering the penalty for the offenses, and after hearing evidence on the applicability of G. S. 1949 (now K. S. A.) 21-107a, the trial court found that notice had properly been given, and sentenced the defendant Williams

under Count II of the information to a maximum term of twenty years for second degree burglary, and a maximum of ten years for grand larceny, said sentences to run concurrently. It also sentenced the defendant under Count III of the information to a maximum term of twenty years for second degree burglary and a maximum term of ten years for grand larcency, such sentences under Count III to run concurrently. The court further ordered that the sentences under Count III of the information run consecutively with the sentences under Count II of the information.

Counsel for the defendant, Mr. Loftus, was then permitted to withdraw as attorney. Thereafter the defendant attempted to prosecute an appeal to the Supreme Court of Kansas *pro se,* but due to his lack of legal training and the further fact that a complete record was not furnished to him, his appeal was subsequently dismissed as is more fully set forth in *Williams v. Crouse,* 193 Kan. 526, 394 P. 2d 96 (1964), which was an appeal by the defendant from an order of the district court of Leavenworth County, Kansas, denying his petition for a writ of habeas corpus.

Thereafter, in the month of April, 1965, the district court of Johnson County, Kansas, appointed John T. Flannagan, a practicing attorney in Olathe, Kansas, as counsel for the defendant, for the purpose of prosecuting an appeal to the Supreme Court. Pursuant thereto an application was made to reinstate the defendant's appeal which had previously been dismissed, and on the 10th day of May, 1965, the Supreme Court ordered the appeal reinstated and directed the clerk of the district court of Johnson County, Kansas, to return forthwith the mandate of June 12, 1961, dismissing the defendant's *pro se* appeal. (*Douglas v. California,* 372 U. S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814.)

Thereafter, on the 18th day of June, 1965, another appeal was filed by counsel for the defendant, and on the 25th day of June, 1965, counsel filed an amended notice of appeal with the clerk of the district court of Johnson County, Kansas. These appeals have been consolidated, and upon application to this court the defendant was granted leave to proceed *in forma pauperis.*

The evidence disclosed that in the early morning hours of March 9, 1960, Officer Fred Allenbrand of the Johnson County Sheriff's Office was on duty patrolling the western part of Johnson County, including the areas of Spring Hill and Gardner, Kansas. When he entered the east edge of the city of Gardner for the purpose of

checking the businesses located there, he noticed an automobile, which he described as a 1949 or 1950 green Chrysler, proceeding eastward out of the city of Gardner, carrying two occupants in the front seat. Officer Allenbrand continued with his check in Gardner and found evidence of an apparent break in at the Skelly Service Station. He thereupon attempted to overtake the Chrysler vehicle which he had previously seen but was unable to locate it. He therefore contacted the Johnson County Sheriff Dispatcher by radio and gave a description of the Chrysler automobile and suggested that it be stopped for investigation. Later that same morning Officer Allenbrand went to Olathe, Kansas, where he identified the 1949 Chrysler which he had seen previously that day in Gardner.

At approximately 4:00 o'clock a. m. on March 9, 1960, Officer Del Wigger of the Olathe City Police Department was on duty at the southeast corner of the square in Olathe, and testified that he met Vick Farrell, who was a merchant policeman for the city of Olathe. Wigger and Farrell received a call from the sheriff's office by radio informing them there had been a break in at a service station in Gardner, and that the occupants of a 1949 or 1950 Chrysler automobile which was headed east on Highway No. 56 toward Olathe were suspected of the break in. These officers proceeded to the west edge of the city of Olathe where they observed a car fitting the description of the 1949 Chrysler. After entering the city of Olathe the 1949 Chrysler, containing two occupants, proceeded north on Highway No. 7, and at a point approximately three miles north of Olathe the two occupants were placed under arrest. The driver of the Chrysler automobile was Freeman N. Morris, Jr., and the other occupant, who was seated on the passenger's side of the front seat, was the defendant, Willie Williams.

Officer Wigger testified that he approached the Chrysler automobile and asked the persons therein to step out with their hands up. The defendant Williams, according to the testimony of Officer Wigger, was slow in getting out of the passenger's side of the automobile, and the officer further stated Williams appeared to have in his possession a pistol which he disposed of by throwing it under the car. After the subjects were in custody, the automobile was searched and various items of personal property were found in the trunk. Officer Wigger requested Officer Farrell to look for the gun which was seen in the defendant Williams' possession. Farrell made

a brief search which produced a bag containing money but no weapon was found.

Another officer, David Greenlee, went to the scene of the arrest of the defendant three miles north of Olathe on Highway No. 7 in the early morning hours of March 9, 1960, and testified that at the time he arrived Officer Wigger and Officer Farrell and John Persell were present as well as the defendant Williams and the driver of the Chrysler automobile, Freeman N. Morris, Jr. Officer Greenlee took into his possession the personal property found in the automobile and made an inventory of it. He also made a search of the area around the Chrysler automobile and found a .38 caliber Smith & Wesson gun which he identified for admission in evidence. Officer Greenlee further testified that it had been snowing that day and there was an inch or two of snow on the highway. After cross examination of Officer Wigger, the court admitted the pistol into evidence over objection of counsel for the defendant on the ground there had been no proper foundation laid for the introduction of such evidence.

The introduction of this pistol into evidence is the appellant's first specification of error.

It is the appellant's contention that he was not charged with robbery, assault with a deadly weapon, or any crime of violence wherein a weapon such as the gun introduced would be instrumental in the commission of the crime. It is therefore argued the probative value of the gun as tending to prove the commission of the crime charged was negligible and far out-weighed by the risk of unfair and harmful surprise to the defendant to say nothing of the undue prejudice generated by the introduction of the weapon into evidence.

The appellant further argues there was no proper foundation for the admission of the gun into evidence because the particular gun had not been connected with the crimes charged in the information.

While it is conceded that Officer Wigger testified the appellant had a pistol which he attempted to dispose of, by throwing it under the car at the time of the arrest, it is called to our attention that Officer Wigger and Officer Farrell, who was assisting him, did not find the weapon when the search was made. The pistol was admitted into evidence upon testimony of Officer Greenlee who testified that he found the pistol upon making a search of the area where the appellant and Morris were arrested.

The circumstances under which the pistol was found, consider-

ing the fact there was snow on the ground, are matters which go to the weight of the evidence and not to its admissibility.

It is well established that attempts by the accused to conceal or destroy evidence are incriminating circumstances that may be presented to the jury. (*State v. Wilson*, 108 Kan. 433, 195 Pac. 618.)

It has also been held that the demeanor of one charged with crime, at or near the time of its commission, or of his arrest for the same, may always be shown. (*State v. Baldwin*, 36 Kan. 1, 12 Pac. 318.)

Here the pistol was the fruit of a search made of the area where a lawful arrest had been effected, and was used to substantiate the evidence presented as to the conduct of the appellant at the time of his arrest. Both the pistol and the evidence of the appellant's conduct at the scene of the arrest are properly a part of the state's circumstantial evidence against the appellant. Both are relevant and have a bearing on the element of criminal intent or guilty knowledge. Considering the character of the case and the conduct of the appellant, the trial court did not abuse the exercise of its power of discretion by admitting the pistol into evidence.

As a part of the state's case it offered for introduction into evidence a journal entry disclosing the appellant's conviction of attempted burglary in the district court of Shawnee County, Kansas, on the 29th day of October, 1958, in the case of *State v. Willie Williams*, Case No. 21,461. No objection was made by counsel for the appellant to the introduction of this journal entry into evidence.

After the state rested, the appellant took the stand and testified, among other things, that he had previously been convicted of the crime of attempted burglary in October, 1958. He then sought to testify for the purpose of disclosing the circumstances surrounding his prior conviction, but the trial court on its own motion and without objection by the state refused to permit the appellant to offer any explanation of the previous crime or conviction.

The appellant's defense, according to his testimony, was that he was a passenger in the Chrysler automobile driven by Morris, but that during the times of the alleged crimes he was asleep on the front seat of the automobile. He denied participating in any burglary or larceny and denied having any knowledge that the items of personal property, allegedly taken from the business establishments set out in the information, were in the rear compartment of the automobile in which he was a passenger. (The owners of the

business establishments in Counts II and III identified the property taken from the trunk of the Chrysler automobile as the property which had been stolen from their respective business establishments.)

Among the instructions given by the trial court was No. 12 as follows:

"Evidence has been introduced tending to show that shortly after the time it is claimed that property of Oscar Kobler, Everett Lewis and Gordon Forbes was stolen said property was found in the possession of the defendant Willie Williams. You are instructed that possession of stolen property shortly after it is stolen is prima facie evidence that the possessor is the thief, and it throws upon such possessor the burden of explaining such possession. If such possession is unexplained, or if the explanation is not satisfactory to the jury, it is of itself sufficient to warrant a conviction of grand larceny. However, in order for this instruction to be applicable to this case, you must find beyond a reasonable doubt that the defendant had possession of property which had been stolen from said persons above named shortly after it was stolen."

By instruction No. 13 the jury was also informed that the appellant's commission of an offense similar to that charged in this case could be considered by the jury only on the question of the appellant's guilty knowledge and as showing the appellant's inclinations, tendencies, attitudes, plan, motive and system of operation and intent in his actions.

In view of these instructions the appellant contends it was error for the trial court to intervene on its own motion and deny him the right to explain the circumstances under which the attempted burglary in Shawnee County was committed in October, 1958. Relying upon *State v. Winchester,* 166 Kan. 512, 203 P. 2d 229, the appellant argues that this action on the part of the trial court was prejudicial to his substantial rights. He contends that inasmuch as the jury was allowed to consider his prior conviction as relevant to his inclinations, tendencies, attitudes, plans, motive and system of operation, as well as his intent in the matter, the appellant was entitled to offer evidence of explanation and extenuation on the prior crime and conviction.

To support his charge the appellant relies on *United States v. Boyer,* 80 U. S. App. D. C. 202, 150 F. 2d 595, 166 A. L. R. 209 (1945) for the proposition that a witness whose credibility has been impeached on cross examination by inquiry into his previous convictions on criminal charges should be permitted, in the discretion of the trial judge, to make reasonably brief protestations in his behalf

in extenuation of his guilt or in the assertion of his innocence of the previous charge.

An annotation (166 A. L. R. 211) entitled "Right of witness whose credibility has been impeached by evidence of previous conviction, charge of crime, or arrest, to assert innocence or to explain or show circumstances" discloses two lines of authority on the point. But this is not the precise point confronting us on appeal.

The basis for the rule which denies the appellant the right to explain the prior convictions rests upon the principle that the conviction is a solemn adjudication of guilt and not subject to contradiction or explanation in any collateral proceeding. Where a defendant in a criminal action is permitted to explain the circumstances of a prior conviction it, as a practical matter, tends to lead to a retrial of a case in which the conviction was had—if the defendant is permitted to explain the circumstances, the prosecution should have the right to counter the defendant's explanation.

We hold it is improper to delve into the circumstances of a prior conviction where the journal entry of such prior conviction is used for the purpose of showing inclination, tendency, attitude, plan, motive and intent. The appellant had his day in court, and the matter was judicially determined in the prior proceeding.

In *State v. Winchester,* supra, the trial judge undertook on his own motion the cross examination of the accused in the trial of a criminal action in an attempt to fully develop the facts, but in so doing he gave the jury the impression that he was biased against the accused and that he did not believe his testimony. On appeal to the Supreme Court the conviction was reversed on the ground the accused did not have a fair trial.

In the instant case the trial court's interruption of the examination of the appellant, on its own motion, was consistent with its duty to limit the testimony to the relevant issues in the case. In the case of *Jackson v. Oil Co.,* 97 Kan. 674, 156 Pac. 756, the court held:

"A trial court does not commit error in excluding incompetent and irrelevant evidence although no objection is made by the party against whom the evidence is attempted to be introduced." (Syl. ¶ 3.)

In the opinion the court said:

". . . It was the court's duty to control the introduction of evidence and to confine counsel to the introduction of evidence that was material and relevant to the issues on trial, although counsel for both sides may have consented to the introduction of the evidence excluded." (p. 676.)

After the closing argument of counsel and the written instructions were given to the jury, the jury was put in charge of the bailiff and retired for its deliberations. Thereafter the jury addressed the following written question to the court:

"Does it make any difference in this case that the car containing the stolen goods was owned by Morris rather than by this defendant?"

The court, in response to this question, further instructed the jury by a written note as follows:

"Ownership of the car alone does not determine the question of posession of the stolen goods. It is a question of fact for your determination from all of the evidence whether the defendant or the defendant and Morris had possession of the stolen goods."

The appellant contends where the state's case is based upon the presumption of guilt arising against a defendant found to be in possession of recently stolen goods, it is error for the trial court to respond as it did to the foregoing question of the jury, without providing in such instruction for the alternative which would permit the jury to determine whether the defendant Morris alone had possession of the goods. On this point it is argued the evidence introduced by the state in this case was entirely circumstantial, therefore making it incumbent upon the state to connect the appellant with the alleged crimes by a continuous chain of circumstances which were absolutely inconsistent with any other rational conclusion than the guilt of the appellant.

The appellant contends the court's answer to the jury assumed as a matter of fact that the appellant was in the possession of the stolen property, or in the alternative, that both the appellant and Morris were in the possession of the stolen property—that the judge's instruction foreclosed the possibility that Morris alone may have been the one in possession of the stolen property.

We think this contention to be without merit. The jury had previously been fully instructed in writing, and among those instructions was the usual instruction that one accused of crime is presumed to be innocent of every material fact necessary to constitute the crime until his guilt is proved to the satisfaction of the jury by the evidence beyond a reasonable doubt. It cannot be successfully argued that the court's answer amounted to commenting on the weight of the evidence merely because the court limited its answer to possession by the appellant or the appellant and Morris. The question for the jury was whether the appellant had

possession of the goods, and if the appellant and Morris had possession of the goods it was equivalent to possession by the appellant. The court is not obligated to inform the jury they must find who had possession of the goods, if the appellant did not. The written instructions previously given cannot be ignored. On this point the evidence was to be viewed by the jury in, the light of the written instructions previously given to it. Among them the burden of proof was cast upon the state to prove beyond a reasonable doubt that the appellant had possession of the goods.

Before the jury arrived at a verdict, it submitted another written note to the judge as follows:

"Must we have a unanimous vote even to show not guilty?"

The trial judge responded with a written note as follows:

"The vote must be unanimous for either guilty or not guilty. If the vote is not unanimous as to any of the offenses charged, it results in a hung jury."

The appellant contends this action of the court in so instructing the jury is prejudicial because it was coercive and tended to unreasonably sway the jury in its consideration of the evidence. (Citing, *Coleman v. Patti Construction Co.*, 182 Kan. 53, 318 P. 2d 1028.)

We shall not delve into the *Coleman* case because a study will clearly disclose its factual situation to be entirely different. The remarks by the court in the *Coleman* case gave the jury no alternative but to return a verdict or risk the wrath of the court. That is not the situation with which we are here confronted. The instruction here was not coercive, but merely informative. The record does not reflect that a timely objection was made to this instruction. Clearly, if the jury could not arrive at a unanimous decision with respect to any one of the three counts before it, it could not find the appellant guilty of such count. It did acquit the appellant of Count I and found him guilty of Counts II and III. Under the circumstances it cannot be said the appellant was prejudiced in any way by this instruction.

Accordingly, we hold the appellant has failed to show he was prejudiced by any of the rulings made by the trial court which have been specified as error.

The judgment of the lower court is affirmed.

FROMME, J., not participating.