No. 48,526

STATE OF KANSAS, *Appellee*, v. JACK C. DeMOTTE, *Appellant*.

(563 P.2d 476)

Opinion filed April 9, 1977.

*M. Warren McCamish,* of Kansas City, Kansas, argued the cause and was on the brief for the appellant.

*Zygmunt Jarczyk,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is a direct appeal from defendant's conviction of one count of burglary. (K.S.A. 21-3715.)

On December 27, 1974, Officer Charles W. Cordill was on duty in the vicinity of 8601 State Avenue, Kansas City, Kansas. He had been on duty for approximately one hour and had stopped to record on his log a series of radio calls he had received. As he was filling out his log, the owner of a nearby liquor store approached him and began a conversation. The store owner told him there had been prowlers in the vicinity earlier in the day. While the two men were conversing, Officer Cordill received a dispatch reporting a prowler at 86th and State Avenue. The officer immediately realized he was at that location and proceeded to the rear of the building adjacent to the liquor store, the Trail West Ranch Wear Store. He observed two men near the rear of the building, crouched down close to the wall. Cordill ordered them to step away from the wall, proceed to the front of the building, and lean against the wall with their hands in the air. As defendant raised his hands the officer observed him drop a pistol. This action was also observed by Officer James Bishop, who had responded to assist Officer Cordill.

Further investigation determined there had been a break-in at the western wear store and officers found a pile of clothing and

other merchandise, suggesting the burglary had been interrupted. Defendant and his companion, Jerry Rice, were arrested and charged.

Among evidence introduced at trial was the .25 caliber Titan pistol and its loaded clip. The weapon was identified by the officers as the one taken from the scene of defendant's arrest. Officer Cordill further testified that the weapon had a round of ammunition in the chamber and was cocked at the time he picked it up. Defendant presented no evidence and was found guilty by the jury.

As his first point on appeal defendant alleges it was error to admit the pistol into evidence because it was not relevant to the charge of burglary and its prejudicial value outweighed its probative value. Defendant also argues the trial court erred in failing to give a limiting instruction. The basis of his argument is the prohibition of K.S.A. 60-455 on admission of "other crimes or civil wrongs" except for the limited purposes outlined by the statute.

In order to apply 60-455 the possession of a gun must be a crime or a civil wrong. We are unable to find any basis for concluding that the possession of the pistol under the facts of this case was a crime or a civil wrong; therefore, 60-455 is inapplicable. Even assuming possession of the pistol was a criminal or civil wrong, if such possession was otherwise relevant in a criminal action, evidence of such possession is not rendered inadmissible because it may disclose another or independent offense. (*State v. Rasler*, 216 Kan. 582, 586, 533 P. 2d 1262.) In *State v. Williams*, 196 Kan. 628, 413 P. 2d 1006, we discussed the issues of relevancy and probative value in a similar factual situation and said:

"It is the appellant's contention that he was not charged with robbery, assault with a deadly weapon, or any crime of violence wherein a weapon such as the gun introduced would be instrumental in the commission of the crime. It is therefore argued the probative value of the gun as tending to prove the commission of the crime charged was negligible and far outweighed by the risk of unfair and harmful surprise to the defendant to say nothing of the undue prejudice generated by the introduction of the weapon into evidence.

. . . . . . . . . . . . .

"It is well established that attempts by the accused to conceal or destroy evidence are incriminating circumstances that may be presented to the jury. (*State v. Wilson*, 108 Kan. 433, 195 Pac. 618.)

"It has also been held that the demeanor of one charged with crime, at or near

the time of its commission, or of his arrest for the same, may always be shown. (*State v. Baldwin*, 36 Kan. 1, 12 Pac. 318.)

"Here the pistol was the fruit of a search made of the area where a lawful arrest had been effected, and was used to substantiate the evidence presented as to the conduct of the appellant at the time of his arrest. Both the pistol and the evidence of the appellant's conduct at the scene of the arrest are properly a part of the state's circumstantial evidence against the appellant. Both are relevant and have a bearing on the element of criminal intent or guilty knowledge. Considering the character of the case and the conduct of the appellant, the trial court did not abuse the exercise of its power of discretion by admitting the pistol into evidence." (pp. 632-33.)

Defendant's second assertion of error concerns alleged improper prosecutorial remarks outside the courtroom. Defendant now concedes the argument is meritless as it is controlled by *State v. Norwood*, 217 Kan. 150, 535 P. 2d 996. For this reason we deem the point to be abandoned.

The judgment is affirmed.