No. 47,338

STATE OF KANSAS, *Appellee,* v. DAVE CULBERTSON, *Appellant.*

(522 P. 2d 891)

Opinion filed May 11, 1974.

*J. Stephen Nyswonger,* of Garden City, argued the cause and was on the brief for the appellant.

*Harrison Smith,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: The defendant, Dave Culbertson, appeals from trial errors on his conviction on two counts of possession of derivatives of *cannabis sativa L.* (marijuana) with intent to sell the same in violation of K. S. A. 65-4125 (*b*).

Charges against defendant were based upon alleged sales of hashish oil and hashish to Russell Payne, an undercover narcotics agent and deputy of the Finney County sheriff's department. Payne testified he had known defendant for several months before being hired as a narcotics agent; that on September 22, 1972, he purchased a .22 caliber shell filled with hashish oil, a derivative of marijuana, from defendant at his home for $20.00. He further testified that on October 30, 1972, he was again at defendant's residence in Garden City. During the conversation Payne asked if defendant knew where he could get good hashish; defendant left the room and

returned later with a small cube of hashish which Payne purchased for $20.00. He and the others present smoked some of it, after which he turned over the remainder to his supervisor, Finney County undersheriff, Ken Heinrichs. Heinrichs testified he reimbursed Payne for the purchases, marked them as evidence, and took them to the KBI laboratory in Topeka for analysis.

The testimony of Russell Payne was the basis of the prosecution. When questioned about the amount of work Payne had done for the Finney County sheriff's department, undersheriff Heinrichs replied, "Mr. Payne while working for this office was working on several cases, of which we have had convictions." Defendant contends this answer seriously prejudiced his right to a fair and impartial trial.

Heinrichs' testimony to the effect that others had believed Payne's testimony at similar trials was hearsay which may have bolstered Payne's credibility. On defendant's objection, the court immediately admonished the jury to disregard Heinrichs' answer. The court, however, did not grant defendant's accompanying motion for mistrial and defendant contends this was error. The court's instruction to the jury to disregard Heinrichs' statement cured any error which its temporary reception might have created. (*City of Wichita v. Hibbs,* 158 Kan. 185, 146 P. 2d 397; *State v. Kowalec,* 205 Kan. 57, 468 P. 2d 221; *State v. Carter,* 214 Kan. 533, 521 P. 2d 294, Syl. ¶ 4.) The error in Heinrichs' statement was further minimized because defendant was not restricted in his efforts to impeach Payne and was given free rein in casting doubt upon Payne's credibility. If there was any residual effect upon the jury, it would affect only the weight given by the jury to Payne's testimony. Evidence to impeach or rehabilitate a witness affects only the credibility of the witness and may not be considered as substantive evidence. ( 98 C. J. S. Witnesses, § 537, p. 473. )

A mistrial results when, before trial is completed, the trial court concludes there is some error or irregularity that prevents a proper judgment being rendered. (*Vilander v. Hawkinson,* 183 Kan. 214, 326 P. 2d 273; *Hendrix v. Phillips Petroleum Co.,* 203 Kan. 140, 453 P. 2d 486. ) The legislature has provided a statutory declaration of grounds for mistrial in criminal prosecutions in K. S. A. 1973 Supp. 22-3423. The grounds are broad and whether specific instances are included within those grounds is a matter of discretion with the trial court. (*State v. Finley,* 208 Kan. 49, 490 P. 2d 630, Syl. ¶ 1.) Under the circumstances of this case, we find no evidence of abuse of that discretion.

The jury returned to the court during their deliberation to ask for additional information. In response to their questions they were told by the court in defendant's presence that defendant's past activities and his punishment if found guilty were not questions before the jury and they were not entitled to any information thereon. After approximately four hours of deliberation, the jury returned four verdicts. They found defendant guilty of possession on both counts and guilty of possession with intent to sell on both counts. In the presence of the defendant, the court instructed the jury to retire again and decide whether defendant was guilty of possession or of possession with intent to sell on each count. He explained that the defendant could not be found guilty of both the greater and lesser offenses.

The defendant, as his second point on appeal, contends the verdict of the jury should be set aside and a new trial ordered because of the apparent confusion of the jury as to its instructions.

The record shows the trial court specifically inquired whether there was any objection by either party to any instruction, before or during deliberation, and there was no objection. The court properly instructed the jury before retiring as to the lesser included offense of possession. They were to consider it only if they found defendant not guilty of possesion with intent to sell as charged. Additional instructions were given in the presence of defendant and his counsel without objection.

It is our conclusion that the jury's questions as to matters not before it indicate only curiosity and not confusion as to instructions. The court properly guided the jury back to its task of finding innocence or guilt. Contrary to the court's instructions, the jury found defendant guilty of both the greater and the lesser included offenses. The court's further instruction corrected that misunderstanding and left the jury completely free to find defendant guilty of the greater, of the lesser, or of no offense.

The defendant further contends the trial court erred in not accepting the jury's verdicts finding him guilty of the lesser offense of possession. He cites cases to the effect that conviction of a lesser included offense acquits defendant of the greater offense. He also contends he was placed in double jeopardy when the jury was allowed to reconsider its verdict and find him guilty of the greater offense. These arguments are spurious because defendant was never found guilty of the lesser offense. All four vehicles originally

rendered were defective because defendant was charged with only two crimes, and the court would have been in error to have accepted any of the four.

This court approved correction of defective verdicts in *State v. Seidel*, 113 Kan. 390, 214 Pac. 565, where we stated:

"When various forms of verdict in a criminal case are submitted to a jury, and by mistake they enter a verdict on one of these forms which apparently found the defendant guilty of a misdemeanor when it was obvious that if the jury were honest men they must have intended to find him guilty of a felony, it was not prejudicial error for the trial court to make reasonable comment and inquiry concerning the verdict; and when such comment and inquiry of the court elicited responses from the jury that they had written their verdict on the wrong form and that they did not intend to convict defendant of a misdemeanor only, it was not error to send the jury back to reconsider and correct their verdict; and when the jury retired and later returned a verdict of guilty of a felony as charged in the information it was not error to receive and enter such corrected verdict and to render judgment thereon." (Syl. ¶ 1.)

The statutes recognize the possibility of a defective verdict and make provision for correcting mistakes with the consent of the jury before it is discharged. (K. S. A. 1973 Supp. 22-3421.)

In this case it was the court's duty to correct the defective verdicts, and it did so by requesting the jury to reconsider. The record discloses the court did not in any way suggest a preference or persuade them toward one or another of the possible verdicts. The court suggested the jury indicate disapproval of two verdicts by scratching out the signature of the foreman, thereby allowing approval of any two of the four verdicts with equal ease. Within five minutes, the jury returned two verdicts finding defendant guilty of possession with intent to sell. The alacrity with which they made their decision indicates they had no difficulty determining defendant was guilty of the greater offense. Defendant did not request that the jury be polled.

As his final point on appeal, the defendant contends the verdict was contrary to the evidence and based upon conjecture and inference. The court will not weigh evidence on appeal. The record reveals substantial evidence which, if believed, supports the jury's finding of guilty.

We find no error and the judgment is affirmed.