No. 47,477

STATE OF KANSAS, *Appellee*, v. CHESTER R. RIDGE, *Appellant*.

(530 P. 2d 1213)

Opinion filed January 25, 1975.

R. *Keith Mountain,* of Wichita, argued the cause and was on the brief for the appellant.

*Clifford L. Bertholf,* assistant district attorney, argued the cause, and *Vern Miller,* attorney general, *Keith Sanborn,* district attorney, and *Stephen M. Joseph,* assistant district attorney, were on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: The defendant Chester R. Ridge was convicted by a jury of felony theft for stealing $105 from the cash drawer of a Wichita lamp shop. On appeal he contends (1) that the state's evidence was insufficient; and (2) that certain money taken from his person and that of an alleged accomplice should not have been admitted into evidence.

Defendant's first point is based on his own testimony and that of his companion, Sonya Loggins. By their testimony they went to the store together. There, Sonya took the money without defendant's knowledge, and only told him about it after they had driven away from the shopping center where the victimized shop was located. At the time of defendant's trial Sonya had already pleaded guilty to the theft.

The jury, of course, was not bound to accept their version of the incident; it having convicted the defendant it is presumed to have believed the state's evidence and to have drawn from it all inferences favorable to the state. *State v. Satterfield,* 202 Kan. 391, 449 P. 2d 564; *State v. Childs,* 198 Kan. 4, 422 P. 2d 898.

If the jury gave credence to the testimony of the shop's manager and sales clerk it would find: Defendant and Sonya entered the shop together and engaged Mrs. Cynthia Clinton, the manager, in conversation at the front of the store; defendant made his way to the

rear of the store where the cash box was kept in a desk drawer; when Mrs. Clinton left Sonya and approached him Sonya immediately re-engaged her in conversation at the front of the store; Sonya was never in the back of the store or anywhere near the cash box; as Sonya was talking to the manager defendant suddenly came hurrying up from the back, took Sonya's arm and rapidly escorted her from the store; alarmed by the sudden departure the store personnel quickly checked the cash box and discovered it empty except for change; Mrs. Clinton ran out of the store and observed defendant and Sonya, ignoring her shouts, run across the shopping mall and parking lot, get into a car, and speed away. A quick inventory showed about $105 was missing from the cash box.

A young man who observed the flight across the parking lot testified to taking the tag number of the getaway car and giving it to police. The police tracked the car to a dealer and went there to wait. Defendant soon approached, but turned down on alley near the dealer's lot. The police gave chase with red light and siren on, while defendant hit speeds over 50 m. p. h. through downtown Wichita, ignoring stop signs and red lights. After a bit defendant and Sonya abandoned the car and fled afoot. The chase continued on foot, and led back to the previously abandoned car. There both the fugitives surrendered at gun point. Between them they had on their persons $182.60.

Assuming as we must that the jury believed all this testimony, it had ample basis for inferring that defendant himself stole the money. At the very least his flight permitted the inference that he was a conscious and willing participant in the theft. *State v. Townsend*, 201 Kan. 122, 439 P. 2d 70, and cases cited. The state's evidence was sufficient to support the verdict.

The money defendant now complains of formed two exhibits. No. 3 contained three twenties and three ones ($63 in all) taken from defendant, and one twenty, a one and 60 cents in change ($21.60) taken from Sonya's brassiere and pocket. No. 5 was $98 taken from Sonya's purse. No objection to the admission of these exhibits appears in the record, and even if there had been one they would have been admissible. While there was no way to identify any of this money as the identical money taken from the shop, it did exceed the missing $105. Being on the suspects' persons immediately after the theft, its presence was consistent with its being the stolen loot. The lack of positive identification went to its weight,

not its admissibility. Cf. *State v. Fagan,* 213 Kan. 587, 518 P. 2d 552; *State v. Jones,* 202 Kan. 31, 446 P. 2d 851; *State v. Gauger,* 200 Kan. 563, 438 P. 2d 463.

The judgment is affirmed.

APPROVED BY THE COURT.