No. 48,037

STATE OF KANSAS, *Appellee,* v. RODNEY RHODES, *Appellant.*

(546 P. 2d 1396)

Opinion filed March 6, 1976.

*Jan A. Way,* of Kansas City, argued the cause and was on the brief for appellant.

*Philip L. Sieve,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

FROMME, J.: This is a direct appeal from a jury verdict and judgment by the district court approving the verdict and sentencing Rodney Rhodes for aggravated robbery.

The sole point raised on appeal concerns alleged misconduct by one of the jurors and the failure of the trial court to grant a motion for mistrial.

The appellant Rhodes was convicted in connection with an armed robbery on July 31, 1974, at a fish market located in Kansas City, Kansas. The market was owned by Willie Berry who lived in Kansas City, Missouri. The juror accused of misconduct was Mrs. Jean Walston, a customer of the fish market. She was one of the twelve jurors selected to hear the case.

After the jury was sworn and opening statements completed a recess was declared. Mrs. Walston was later observed in the hall-way outside the courtroom talking to the complaining witness, Willie Berry. The appellant was being tried along with two other co-defendants for this same robbery. Each co-defendant was represented by a separate attorney. One of the defense attorneys called the incident to the attention of the trial judge. The judge immediately called the various defendants and their respective attorneys into chambers to investigate the matter.

Both Mrs. Walston and Mr. Barry were separately questioned

by the attorneys and the judge. Although their stories varied in one detail, which we will mention later, it was clear that the two had only a passing acquaintance. They had seen each other on various occasions when Mrs. Walston bought fish in the fish market. She traded there several times a month. Neither knew the other's name. They had no social contact outside the store. The two had conversed for a minute or two in the hall. They talked about a new pair of fish skinning pliers which Mr. Berry had recently acquired. Mrs. Walston liked to have the fish she purchased at the market skinned before packaging. They did not discuss anything concerning the robbery at the fish market. When the juror was asked if her business relationship would tend to influence her one way or another she stated it would not, for she did not know Mr. Berry well enough for that. When asked if she could keep an open mind until after the evidence was presented she said that she could.

The two stories varied in but one detail. Mr. Berry testified that when he asked the lady why she was at the courthouse she told him she was on *a* jury. Mrs. Walston testified that when Mr. Berry asked her why she was there she told him she was just visiting.

At the conclusion of the hearing in chambers the judge ruled as follows:

"And so the Court's going to find that a mistrial will not be declared. There doesn't appear to be any prejudice. There was nothing discussed about the case, and this lady will be permitted to continue on as a juror."

The appellant first argues on appeal that juror Walston was guilty of misconduct in failing to respond to questions on *voir dire* which would have advised the court of her acquaintanceship with Willie Berry and disclosed her knowledge of the robbery at the fish market.

The first such question asked by one of the defense attorneys was:

". . . I want to ask, or I want to tell you that the case, which you are to be selected today to hear, involves the armed robbery of the 10th Street Fish Market. This happened on July 31st of 1974, and the 10th Street Fish Market is located at 1815 North 10th Street, in Kansas City, Kansas. Does anyone on the panel—or are you aware—did anyone remember reading about or hearing about, or anything, whatsoever, the facts of this armed robbery which took place back on July 31st of 1974?"

This question is difficult to understand at best. It is a multiple question seemingly directed in the alternative toward awareness, reading, hearing, or knowledge of the facts of the armed robbery at

the fish market. There is absolutely nothing in the record to disclose that Mrs. Walston had knowledge of the facts of the robbery. Failure to respond in the affirmative is not misconduct under the facts appearing in this record which would prevent a fair trial. (See K. S. A. 22-3423 [e].)

The second question relied on by appellant is one an attorney for one of the defendants asked. He inquired if any of the jurors knew Willie Berry of 4235 Jackson, Kansas City, Missouri.

The testimony of Mrs. Walston and Mr. Berry was to the effect that they did not know each other by name. In addition, when one considers that the Willie Berry inquired about lived in Missouri and the fish market where Mrs. Walston traded was located in Kansas, it can hardly be claimed an intentional failure to adequately respond to the question occurred. We can find no improper failure or refusal to respond to the questions on *voir dire*.

The sole question remaining is whether the conversation between the juror Walston and the witness Berry amounted to prejudicial conduct necessitating a new trial. We hold that it does not.

It is a general rule in Kansas that whether a specific instance of conduct falling within the broad statutory grounds defined in K. S. A. 22-3423 (c) requires a declaration of mistrial is a matter of discretion with the trial court. (*State v. Culbertson*, 214 Kan. 884, 522 P. 2d 391; *State v. Finley*, 208 Kan. 49, 490 P. 2d 630.) Jury misconduct will not constitute a ground for reversal unless it is shown to have substantially prejudiced the rights of either the defendant or the prosecution. (K. S. A. 22-3423 [c]; *State v. Collins*, 215 Kan. 789, 528 P. 2d 1221; *State v. Arney*, 218 Kan. 369, 544 P. 2d 334.)

In determining whether a particular instance of improper communication between a juror and a witness amounts to prejudicial misconduct which will prevent a fair trial the nature of the communication is of considerable significance. When the communication is entirely unrelated to defendant's case courts generally find insufficient prejudice to require a mistrial. (*State v. Culbertson*, supra; see also Anno. Jurors—Communications With Witnesses, 9 A. L. R. 3d, § 9, p. 1289.) When the communication is related to the defendant's case the trial court may find prejudice and then a mistrial will be declared. (*State v. Finley*, supra; see also Anno. Jurors—Communications With Witnesses, 9 A. L. R. 3d, § 10, p. 1294.)

In the present case Mrs. Walston's failure to respond to general questions during *voir dire* was not a purposeful attempt to mislead the court. Her conversation with the complaining witness

during a court recess was entirely unrelated to appellant's case. There is nothing in the record to show that retaining Mrs. Walston on the jury prevented a fair trial. The trial court promptly and properly questioned the juror and the witness in chambers as to possible prejudice. All parties were present with their attorneys and explored the matter in depth. No prejudice appears.

The judgment is affirmed.