NOT DESIGNATED FOR PUBLICATION

No. 113,172

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF CONCORDIA, KANSAS,
*Appellee*,

v.

ROBERT A. THOMAS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed November 20, 2015. Affirmed.

*Robert A. Thomas*, appellant pro se.

*Robert A. Walsh*, city attorney, for appellee.


Before POWELL, P.J., PIERRON and LEBEN, JJ.


*Per Curiam*:  Robert Thomas appeals his conviction for the offense of dog at large in violation the City of Concordia, Kansas, Ordinance Sec. 4-145. Thomas alleges four errors below: (1) The district court failed to give him the opportunity to cross-examine the complaining witness; (2) the district court did not properly arraign him; (3) the municipal ordinance under which he was convicted, City of Concordia Ordinance Sec. 4-145, was "unclear"; and (4) he was falsely arrested. Because we find his contentions to be completely without merit, we affirm.

1

In October 2013, Sarah Hanlin, a City of Concordia Animal Control officer, received a report from one of Thomas' neighbors that Thomas' dog was running at large. She made contact with Thomas at his residence and advised him that he was in violation of a Concordia city ordinance for allowing his dog to run at large but did not issue him a citation. After speaking with Thomas, Hanlin blew a whistle that attracted Thomas' dog from approximately a block away.

On January 15, 2014, Hanlin received another complaint concerning Thomas' dog running at large. Hanlin again made contact with Thomas, explained that allowing his dog to run at large was a violation of the city ordinance, and this time advised Thomas that he would be receiving a citation in the mail. Following their conversation, but in Hanlin's presence, Thomas called his dog's name, and the dog ran into Thomas' house from somewhere nearby.

After requesting a trial, Thomas was tried, convicted, and fined $75 in the City of Concordia Municipal Court on May 22, 2014. He appealed his conviction to the Cloud County District Court, where he was again convicted and fined $75 following a de novo bench trial on October 16, 2014. Thomas now appeals to this court.

Thomas raises four legal objections to his conviction, and we exercise unlimited review over such questions of law. See *State v. Miller*, 293 Kan. 535, 547, 264 P.3d 461 (2011). Thomas first argues that his rights under the Fourteenth Amendment to the United States Constitution were infringed because no formal complaint was offered into evidence. While couching his argument in terms of a defective complaint, his real contention appears to be that the United States Constitution guarantees him the right to cross-examine the person making the complaint against him, who in this case he identifies as the neighbor who reported his conduct to animal control.

2

We must reject Thomas' argument for the simple reason that Hanlin, the animal control officer who issued the citation, personally observed Thomas' dog running loose unleashed on more than one occasion and, therefore, had first-hand personal knowledge of facts sufficient to convict Thomas. As Thomas had the opportunity to cross-examine Hanlin at his de novo trial before the district court, he exercised his right to confront his accuser guaranteed under the Sixth Amendment to the United States Constitution.

Second, Thomas contends he was not properly arraigned according to K.S.A. 22-3205. However, "a defendant effectively waives arraignment when he goes to trial without objection and submits the question of guilt to the jury." *State v. Huber*, 10 Kan. App. 2d 560, 562, 704 P.2d 1004 (1985) (citing *State v. Jakeway*, 221 Kan. 142, 143, 558 P.2d 113 [1976]). Here, Thomas submitted the question of his guilt to both the municipal court and the district court after waiving a jury trial. Thus, Thomas cannot now claim an error with respect to his arraignment.

Third, Thomas asks us to reverse his conviction because he claims the ordinance he violated is unclear. Thomas was convicted of violating City of Concordia Ordinance Sec. 4-145, which states in pertinent part:

> "Any owner, harborer or person in custody or control of a dog (dog custodian) shall keep such dog under restraint at all times and shall not permit such dog to be at large, off the premises or property owned or controlled by the dog custodian unless the dog is on a leash held by a competent person."

We ascertain legislative intent through giving common words their ordinary meanings. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). Here, there are no ambiguities in the language of Sec. 4-145. The ordinance simply requires a dog owner to keep a dog on a leash while off the owner's property. As Thomas makes no substantive argument on this point aside from declaring this ordinance unclear, we reject it.

3

Finally, Thomas claims he was falsely arrested through the actions of the municipal and district courts. For support he cites *Garnier v. Squires*, 62 Kan. 321, 324, 62 P. 1005 (1900), a case in which our Supreme Court set forth the requirements for false imprisonment under Kansas law as it existed in 1900. Unfortunately, Thomas misconstrues the language in *Garnier* to apply to situations in which an individual is not literally arrested or imprisoned. Because the record on appeal reflects that Thomas was neither arrested nor imprisoned for his offense, he cannot claim to have been falsely arrested.

Affirmed.